MICHAEL J. KHOURI, ESQ. [SBN 97654]
Email: mkhouri@khourilaw.com
ANDREW B. GOODMAN, ESQ. [SBN 267972]
Email: agoodman@khourilaw.com
KHOURI LAW FIRM
4040 Barranca Parkway, Suite 280
Irvine, California 92604
Telephone: (949) 336-2433
Fax: (949) 387-0044

Attorneys for defendant
NIKISHNA POLEQUAPTEWA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BLUE STONE STRATEGY GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NIKISHNA POLEQUAPTEWA, an individual,<br><br>Defendant. | Case No. SACV14-1888 CJC (DFMx)<br><br>**DEFENDANT NIKISHNA POLEQUAPTEWA'S ANSWER TO PLAINTIFF BLUE STONE STRATEGY GROUP, LLC'S COMPLAINT**<br><br>[Assigned to Hon. Cormac J. Carney]<br><br>Complaint filed: November 26, 2014<br>Response date: March 12, 2015 |

Defendant NIKISHNA POLEQUAPTEWA ("Polequaptewa") answers the complaint of plaintiff BLUE STONE STRATEGY GROUP, LLC ("Blue Stone") as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the complaint, Polequaptewa admits that this Court has subject matter jurisdiction over the complaint because the first cause of action arises under the laws of the United States of America.

2. Answering paragraph 2 of the complaint, Polequaptewa admits that this Court has subject matter jurisdiction over the complaint because the second, third, and fourth causes of action are related to the first federal cause of action, and they are all part of the same case or controversy under Article III of the United States Constitution.

3. Answering paragraph 3 of the complaint, Polequaptewa admits that this Court has personal jurisdiction over him because he resides in Orange County, California, which is located within this Court's jurisdiction.

4. Answering paragraph 4 of the complaint, Polequaptewa admits that venue is proper in this Court because a majority of the events, omissions, and damages giving rise to Blue Stone's claims occurred in this district, and this district has jurisdiction over Blue Stone's claims.

## PARTIES

5. Answering paragraph 5 of the complaint, Polequaptewa admits that, from his personal recollections and the information available to him online, Blue Stone appears to be a Delaware limited liability company with its principal place of business in Irvine, California.

6. Answering paragraph 6 of the complaint, Polequaptewa admits that he is an individual residing in Garden Grove, California.

7. Answering paragraph 7 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the

allegations, and on that basis denies them.

8. Answering paragraph 8 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

9. Answering paragraph 9 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

10. Answering paragraph 10 of the complaint, Polequaptewa denies each and every allegation.

11. Answering paragraph 11 of the complaint, Polequaptewa denies each and every allegation.

12. Answering paragraph 12 of the complaint, Polequaptewa admits that in or about April 2014, Blue Stone retained him as a senior strategist in Irvine, California, and that his job duties included, but were not limited to: business development, marketing, and project development and management. Polequaptewa denies that, pursuant to the Employment Agreement between himself and Blue Stone, he was to be a senior strategist in specifically located target locations and tribal governments.

13. Answering paragraph 13 of the complaint, Polequaptewa admits that he signed an "Employment Agreement" with Blue Stone on or about April 16, 2014, and that the delineated terms of paragraph 6 ("Confidentiality") are close to verbatim when compared to the actual "Employment Agreement."

14. Answering paragraph 14 of the complaint, Polequaptewa admits that the delineated terms of paragraph 7 of the "Employment Agreement" ("Unauthorized Disclosure of Information") are close to verbatim when compared to the actual "Employment Agreement."

15. Answering paragraph 15 of the complaint, Polequaptewa admits that the delineated terms of paragraph 16 of the "Employment Agreement"

("Unauthorized Disclosure of Information") are close to verbatim when compared to the actual "Employment Agreement."

16. Answering paragraph 16 of the complaint, Polequaptewa admits that he recalls executing a "Mutual Nondisclosure Agreement" with Blue Stone, but does not have a copy. Consequently, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations concerning the delineated terms of the "Mutual Nondisclosure Agreement," and on that basis denies them.

17. Answering paragraph 17 of the complaint, Polequaptewa admits all allegations.

18. Answering paragraph 18 of the complaint, Polequaptewa denies each and every allegation.

19. Answering paragraph 19 of the complaint, Polequaptewa admits that, on or around November 15 or 16, 2014, he traveled to Ft. Lauderdale, Florida along with other Blue Stone employees and executives. Polequaptewa denies that the trip to Ft. Lauderdale, Florida was for a conference. Polequaptewa denies that, during the so-called conference, and in front of Blue Stone clients, he abruptly announced his resignation. Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of whether other Blue Stone employees and officers may have felt shock, and on that basis denies the remaining allegation.

20. Answering paragraph 20 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

21. Answering paragraph 21 of the complaint, Polequaptewa denies each and every allegation.

22. Answering paragraph 22 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

23. Answering paragraph 23 of the complaint, Polequaptewa denies each and every allegation.

24. Answering paragraph 24 of the complaint, Polequaptewa admits that, on or around November 19, 2014, he came to Blue Stone's offices to gather his personal belongings. Polequaptewa denies that, during the course of that time, he admitted to Blue Stone personnel that he accessed, transferred, and/or deleted information from the Blue Stone IT infrastructure.

**<u>First Cause of Action</u>**

**Violation of the Computer Fraud and Abuse Act**

**(Against Polequaptewa)**

25. Answering paragraph 25 of the complaint, Polequaptewa states that the paragraph only re-alleges and incorporates paragraphs 1 through 24 by reference, and there are no new allegations of fact in this paragraph that require a further response.

26. Answering paragraph 26 of the complaint, Polequaptewa denies each and every allegation.

27. Answering paragraph 27 of the complaint, Polequaptewa denies each and every allegation.

28. Answering paragraph 28 of the complaint, Polequaptewa denies each and every allegation.

29. Answering paragraph 29 of the complaint, Polequaptewa denies each and every allegation.

30. Answering paragraph 30 of the complaint, Polequaptewa states that the paragraph is a request for relief, and there are no allegations of fact that require a response.

///

**<u>Second Cause of Action</u>**

**Violation of the California Uniform Trade Secret Act**

**(Against Polequaptewa)**

31. Answering paragraph 31 of the complaint, Polequaptewa states that the paragraph only re-alleges and incorporates paragraphs 1 through 30 by reference, and there are no new allegations of fact in this paragraph that require a further response.

32. Answering paragraph 32 of the complaint, Polequaptewa denies each and every allegation.

33. Answering paragraph 33 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

34. Answering paragraph 34 of the complaint, Polequaptewa denies each and every allegation.

35. Answering paragraph 35 of the complaint, Polequaptewa denies each and every allegation.

36. Answering paragraph 36 of the complaint, Polequaptewa denies each and every allegation.

37. Answering paragraph 37 of the complaint, Polequaptewa denies each and every allegation.

38. Answering paragraph 38 of the complaint, Polequaptewa denies each and every allegation.

39. Answering paragraph 39 of the complaint, Polequaptewa denies each and every allegation.

40. Answering paragraph 40 of the complaint, Polequaptewa denies that each and every allegation. Blue Stone's request for exemplary damages does not require a response. To the extent that Polequaptewa can respond, however, Polequaptewa lacks sufficient knowledge or information to form a belief about the

truth of Blue Stone's legal conclusion, and on that basis denies the allegation.

**Third Cause of Action**

**Breach of Contract**

**(Against Polequaptewa)**

41. Answering paragraph 41 of the complaint, Polequaptewa states that the paragraph only re-alleges and incorporates paragraphs 1 through 40 by reference, and there are no new allegations of fact in this paragraph that require a further response.

42. Answering paragraph 42 of the complaint, Polequaptewa admits that he entered into an employment agreement. Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of whether he entered into a mutual nondisclosure agreement, and on that basis denies the allegation. Polequaptewa denies that he entered into more than one mutual nondisclosure agreement with Blue Stone.

43. Answering paragraph 43 of the complaint, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

44. Answering paragraph 44 of the complaint, Polequaptewa denies each and every allegation.

45. Answering paragraph 45 of the complaint, Polequaptewa denies each and every allegation.

46. Answering paragraph 46 of the complaint, Polequaptewa denies that Blue Stone is entitled to attorney's fees pursuant to the Employment Agreement. Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of whether Blue Stone is entitled to attorney's fees pursuant to the Mutual Nondisclosure Agreement, and on that basis denies the allegation.

///

**<u>Fourth Cause of Action</u>**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(Against Polequaptewa)**

47. Answering paragraph 47 of the complaint, Polequaptewa states that the paragraph only re-alleges and incorporates paragraphs 1 through 46 by reference, and there are no new allegations of fact in this paragraph that require a further response.

48. Answering paragraph 48 of the complaint, Polequaptewa admits that he entered into an employment agreement and mutual nondisclosure agreement with Blue Stone. Polequaptewa denies that he entered into more than one mutual nondisclosure agreement with Blue Stone.

49. Answering paragraph 49 of the complaint, Polequaptewa states that the paragraph contains only legal conclusions, and no allegations of fact that require a response. To the extent that Polequaptewa can respond, however, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of Blue Stone's legal conclusion, and on that basis denies the allegation.

50. Answering paragraph 50 of the complaint, Polequaptewa states that the paragraph contains only legal conclusions, and no allegations of fact that require a response. To the extent that Polequaptewa can respond, however, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of Blue Stone's legal conclusion, and on that basis denies the allegation.

51. Answering paragraph 51 of the complaint, Polequaptewa states that the paragraph contains only legal conclusions, and no allegations of fact that require a response. To the extent that Polequaptewa can respond, however, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of Blue Stone's legal conclusion, and on that basis denies the allegation.

52. Answering paragraph 52 of the complaint, Polequaptewa denies each and every allegation.

53. Answering paragraph 53 of the complaint, Polequaptewa states that the paragraph contains only legal conclusions, and no allegations of fact that require a response. To the extent that Polequaptewa can respond, however, Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of Blue Stone's legal conclusion, and on that basis denies the allegation.

54. Answering paragraph 54 of the complaint, Polequaptewa denies that Blue Stone is entitled to attorney's fees pursuant to the Employment Agreement. Polequaptewa lacks sufficient knowledge or information to form a belief about the truth of whether Blue Stone is entitled to attorney's fees pursuant to the Mutual Nondisclosure Agreement, and on that basis denies the allegation. To the extent that paragraph 54 implies that there are more than two agreements at issue, besides the Employment Agreement and the Mutual Nondisclosure Agreement, Polequaptewa denies the allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Attorney's fee award not permissible)**

1. As for a first affirmative defense, Polequaptewa asserts that an attorney's fee award is not permissible, and Blue Stone is not entitled to one under the Employment Agreement at the very least.

### SECOND AFFIRMATIVE DEFENSE

**(No damage to Blue Stone)**

2. As for a second affirmative defense, Polequaptewa asserts that even if Blue Stone's allegations are true, Blue Stone did not suffer any actual damages because of Polequaptewa.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to mitigate damages)**

3. As for a third affirmative defense, Polequaptewa asserts that even if Blue Stone's allegations are true, Blue Stone failed to take appropriate and

reasonable action, or any action at all, to mitigate its alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Offset)**

4. As for a fourth affirmative defense, Polequaptewa asserts that even if Blue Stone's allegations are true, Polequaptewa is entitled to offset Blue Stone's alleged damages by the amounts outstanding and due to Polequaptewa from Blue Stone.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good faith)**

5. As for a fifth affirmative defense, Polequaptewa asserts that all acts raised in Blue Stone's complaint that he allegedly engaged in, or that are allegedly wrongful, were performed in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

6. As for a sixth affirmative defense, Polequaptewa asserts that Blue Stone acquiesced to every allegedly wrongful act.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust enrichment)**

7. As for a seventh affirmative defense, Polequaptewa asserts that Blue Stone is seeking to recover more from him than it is entitled to, and any award of the judgment sought would unjustly enrich Blue Stone.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Plaintiff's own conduct, or the conduct of its agents, representatives, and consultants, was contributory negligence)**

8. As for an eighth affirmative defense, Polequaptewa asserts that Blue Stone's conduct, or the conduct of its agents, representatives, and consultants, was contributory negligence in that Blue Stone, its agents, representatives, and consultants caused, contributed to, and participated in the acts Blue Stone

complains of. Among other things, Blue Stone represented that Polequaptewa would not have to relocate and uproot his entire family, but they pressured Polequaptewa into abruptly relocating to Florida without a written amendment to the Employment Agreement.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. As for a ninth affirmative defense, Polequaptewa asserts that Blue Stone made certain representations on which Polequaptewa relied, and which makes the present lawsuit inequitable. Among other things, Blue Stone represented that Polequaptewa would not have to relocate and uproot his entire family, but they pressured Polequaptewa into abruptly relocating to Florida without a written amendment to the Employment Agreement.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10. As for a tenth affirmative defense, Polequaptewa asserts that Blue Stone has, through representations or actions, waived its right to sue Polequaptewa, and therefore cannot sustain this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Duress)**

11. As for an eleventh affirmative defense, Polequaptewa asserts that he made any alleged wrongful actions as a direct result of Blue Stone placing him under duress. Blue Stone representatives placed Polequaptewa under duress by forcing him (and his family) to abruptly relocate to Florida, which was never part of any agreement between the parties.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Illegality)**

12. As for a twelfth affirmative defense, Polequaptewa asserts that Blue Stone's own illegal actions should preclude any finding of liability against

Polequaptewa.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Preservation of other defenses)**

13. As for a thirteenth affirmative defense, Polequaptewa asserts that he presently has insufficient knowledge and information upon which to form a belief as to whether he may have additional, as-yet-unstated affirmative defenses. Polequaptewa reserves the right to assert additional affirmative defenses in the event that discovery indicates that such would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Polequaptewa prays for judgment as follows:

1. That Blue Stone take nothing by virtue of its complaint;

2. That judgment be awarded in Polequaptewa's favor;

3. For Polequaptewa's costs of suit incurred in the defense of this action; and

4. For such other relief as the Court deems proper.

Dated: March 12, 2015

Respectfully submitted,

KHOURI LAW FIRM

By: */s/ Michael J. Khouri*
MICHAEL J. KHOURI, ESQ.
ANDREW B. GOODMAN, ESQ.
Attorneys for defendant NIKISHNA POLEQUAPTEWA